UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| CONNIE BROOKS MCCALL, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 3:22-CV-1712-B |
| | § | |
| STATE FARM LLOYDS, | § | |
| | § | |
| Defendant. | § | |

### MEMORANDUM OPINION AND ORDER

Before the Court is Defendant State Farm Lloyds ("State Farm")'s Motion for Summary Judgment (Doc. 22). This case concerns whether an insured, Plaintiff Connie Brooks McCall, can recover additional damages after her insurer, State Farm, paid an appraisal award in full, plus any potential interest. Because McCall has received the full amount of benefits she is entitled to under her insurance policy, the Court **GRANTS** the Motion.

### I.

### BACKGROUND

McCall submitted her claim to State Farm on July 25, 2021, after a fallen tree caused damage to her property. Doc. 24, Def.'s Mot. App., 5. State Farm inspected the damage on August 6, 2021. *See id*. at 30. Based on the inspection, State Farm issued a claim payment of $8,101.73. *Id*. at 47. After McCall obtained a public adjuster and the adjuster submitted his report to State Farm, State Farm revised its estimate and issued McCall an additional claim payment of $13,477.21 on February 8, 2022. *Id*. at 23, 55–68. McCall subsequently retained legal counsel to dispute State Farm's decision and sent State Farm a pre-suit demand letter for almost

-1-

$200,000. *See* Doc. 27, Resp., Ex. G, 66–69. State Farm denied this demand. *See id.* at Ex. H, 71–72.

On May 11, 2022, McCall invoked the appraisal process under the terms of her policy and State Farm responded to this demand on June 6, 2022. Doc. 24, Def.'s Mot. App., 70, 72–76. The appraisal provision states, in relevant part,

> Appraisal is only available to determine the amount of the loss of each item in dispute. The appraisers and the umpire have no authority to decide: (1) any other questions of fact; (2) questions of law; (3) questions of coverage; (4) other contractual issues; or (5) to conduct appraisal on a class-wide basis.

*Id.* at 140. While the appraisal was still pending, McCall filed this suit, alleging breach of contract, violations of Chapters 541 and 542 of the Texas Insurance Code, violations of the Texas Deceptive Trade Practices Act ("TDTPA"), bad faith insurance practices, and fraud. *See* Doc. 1-5, Pet., ¶¶ 36–59.

Upon completion of the appraisal, both parties' appraisers set the appraisal award at $36,053.51 on a replacement cost basis and $29,384.44 on an actual cash value basis.[1] Doc. 24, Def.'s Mot. App., 86. After receiving notice of the award and subtracting depreciation, McCall's deductible, and the previous claim payments, State Farm issued payment for the remaining $5,838.70 owed to McCall. *See id.* at 88–89. Finally, State Farm issued McCall an interest payment of $670.17 "to resolve any potential question or concern about whether State Farm has met [the Chapter 542] time requirements." *Id.* at 91. In making both payments, State Farm explicitly stated that the payments should not be construed as an admission of liability. *Id.* at 89, 91. The Court considers State Farm's Motion below.

---

[1] To receive the replacement cost basis award, McCall's policy required her to make repairs within two years of the loss. *See* Doc. 24, Def.'s Mot. App., 88 (explaining the policy terms). Both parties agree McCall has not yet made any repairs. Doc. 23, Mot. Br., ¶ 22; Doc. 25, Resp., 15. Thus, the maximum amount of benefits McCall could receive was the $29,384.44 actual cash value award.

## II.

## LEGAL STANDARD

Summary judgment is proper "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "[T]he substantive law . . . identif[ies] which facts are material," and only a "dispute[] over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of  summary judgment." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The Court must view the facts and the inferences drawn from the facts "in the light most favorable to the [non-movant]." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

Once the summary-judgment movant has met its burden, "the non[-]movant must go beyond the pleadings and designate specific facts showing that there is a genuine issue for trial." *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (per curiam) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986)). A non-movant may not simply rely on the Court to "sift through the record" to find a fact issue, but must point to specific evidence in the record and articulate precisely how that evidence supports the challenged claim. *Ragas v. Tenn. Gas Pipeline Co.*, 136 F.3d 455, 458 (5th Cir. 1998). Moreover, the evidence the non-movant provides must raise "more than . . . some metaphysical doubt as to the material facts." *Matsushita*, 475 U.S. at 586. The evidence must be such that a jury could reasonably find in the non-movant's favor. *Anderson*, 477 U.S. at 248. If the non-movant is unable to make such a showing, the Court must grant summary judgment. *Little*, 37 F.3d at 1076.

## III.

## ANALYSIS

State Farm argues that its payment of the appraisal award and any conceivable interest on that award has fully compensated McCall for her loss. *See* Doc. 23, Mot. Br., ¶¶ 26, 35, 48. McCall contends that "a dispute of material fact exists as to whether reasonable attorney's fees should be owed by [State Farm]." Doc. 27, Resp., 1–2. McCall argues that her attorney's fees are additional "actual damages" owed to her, thus foreclosing summary judgment. *Id.* at 16. Because McCall's position is contrary to well-established case law, the Court **GRANTS** State Farm's Motion.

The Court begins with an overview of the appraisal process. The appraisal process has been used to "resolve disputes between policy holders and insurers about the amount of loss for a covered claim." *Ortiz v. State Farm Lloyds*, 589 S.W.3d 127, 131 (Tex. 2019). "Access to the appraisal process to resolve disputes is an important tool in the insurance claim context, curbing costs and adding efficiency in resolving insurance claims." *Barbara Techs. Corp. v. State Farm Lloyds*, 589 S.W.3d 806, 814 (Tex. 2019). However, an appraisal does not "determine[] the rights and liabilities of the parties;" instead, it "merely binds the parties to have the extent or amount of the loss determined in a particular way." *In re Allstate Ins. Co.*, 85 S.W.3d 193, 195 (Tex. 2002) (internal quotation omitted). With this background, the Court turns to how State Farm's decision to pay the appraisal award affects McCall's claims.

A.     *Breach of Contract Claim*

The Court first addresses McCall's breach of contract claim. State Farm argues that its "payment of the appraisal award estops Plaintiff from maintaining a breach of contract claim." Doc. 23, Mot. Br., 7. Essentially, State Farm asserts that the appraisal determined McCall's

maximum amount of benefits owed and, because State Farm paid the award, McCall has nothing left to recover. *See id.* ¶¶ 18, 26. McCall appears to concede that she is not entitled to any further policy benefits and instead maintains her claim survives summary judgment because she is owed attorney's fees. *See* Doc. 27, Resp., 7–11. McCall claims State Farm's payment of the award "conclusively establishes" that "State Farm is liable for the claim under the policy." *Id.* at 8. And because State Farm is liable under the policy, McCall asserts she is entitled to recover interest and attorney's fees. *Id.* at 11.

In *Ortiz*, the Texas Supreme Court held an insurer was entitled to summary judgment on a breach-of-contract claim after the insurer paid an appraisal award in full. 589 S.W.3d at 129. The court determined that "the insurer's payment of the award bar[red] the insured's breach of contract claim premised on failure to pay the amount of the covered loss." *Id.* Given "an insurance policy is a contract," by participating in "the agreed procedure for determining the amount of loss" and "pa[ying] that binding amount, State Farm complied with its obligations under the policy." *Id.* at 133 (internal quotation omitted); *see Breshears v. State Farm Lloyds*, 155 S.W.3d 340, 343 (Tex. App.—Corpus Christi-Edinburg 2004, pet. denied) ("The [insureds] may not use the fact that the appraisal award was different than the amount originally paid as evidence of breach of contract, especially when the contract they claim is being breached provides for resolution of disputes through appraisal."). The Fifth Circuit has followed this position, adding that "[t]his rule applies even when the appraisal award values the covered loss in an amount greater than the insurer had initially assessed and even when the insurer initially denies the insured's claim." *Randel v. Travelers Lloyds of Tex. Ins. Co.,* 9 F.4th 264, 268 (5th Cir. 2021).

Here, McCall's assertion that State Farm is liable for the claim ignores Texas caselaw, the language of the insurance policy itself, and State Farm's statements when paying the appraisal award. As stated above, an appraisal does not "determine[] the rights and liabilities of the parties." *In re Allstate*, 85 S.W.3d at 195. Additionally, "payment of an appraisal award does not determine liability." *Barbara Techs. Corp.*, 589 S.W.3d at 826. And McCall's insurance policy expressly stated the appraisers "ha[d] no authority to decide (1) any other questions of fact; (2) questions of law; [or] (3) questions of coverage." Doc. 24, Def.'s Mot. App., 140. Finally, State Farm expressly disclaimed any liability when paying the appraisal award. *Id.* at 89, 91. Thus, the appraisal and State Farm's subsequent payment of the award did not affect State Farm's liability under the claim. The Court cannot conclude State Farm's payment of the appraisal award constituted it accepting liability for McCall's claims.[2] In actuality, McCall's breach-of-contract claim falls squarely within the purview of the Supreme Court of Texas's decision in *Ortiz*, which forecloses a finding of liability against State Farm, as State Farm, by paying the appraisal award in full, fully complied with its contract with McCall. *See* Doc. 24, Def.'s Mot. App., 88–89.

Further, apart from liability, McCall's argument that she is owed damages in the form of attorney's fees is unconvincing. "Texas law is clear that attorney's fees and costs incurred in the prosecution or defense of a claim, although 'compensatory in that they help make a claimant whole,' are not damages." *Ortiz*, 589 S.W.3d at 135 (quoting *In re Nalle Plastics Family Ltd. P'ship*, 406 S.W.3d 168, 173 (Tex. 2013)). To recover attorney's fees, McCall must prevail on her claims. Tex. Civ. Prac. Rem. Code § 38.001 (requiring a plaintiff to prevail before awarding attorney's fees); Tex. Ins. Code § 541.152 (same). And because McCall has not shown she is

---

[2] McCall also did not present any evidence supporting her assertion that State Farm was liable under the policy.

entitled to any actual damages, McCall cannot prevail on her breach-of-contract claim. *See also Barbara Techs. Corp.*, 589 S.W.3d at 827 (stating that an appraisal is merely "a contractual mechanism to resolve a dispute as to the amount of loss, an appraisal value . . . is not an award of actual damages"). Further, even if McCall could show she prevailed on her claim and was entitled to attorney's fees under Texas Civil Practice and Remedies Code § 38.001 or Texas Insurance Code § 541.152, Section 542A.007 of the Texas Insurance Code would limit McCall's attorney's fees recovery to zero.

> Section 542A.007 allows plaintiffs to recover the lesser of:
>
> (1) the amount of reasonable and necessary attorney's fees supported at trial by sufficient evidence and determined by the trier of fact to have been incurred by the claimant in bringing the action;
> (2) the amount of attorney's fees that may be awarded to the claimant under other applicable law; or
> (3) the amount calculated by:
>> (A) dividing the amount to be awarded in the judgment to the claimant for the claimant's claim under the insurance policy for damage to or loss of covered property by the amount alleged to be owed on the claim for that damage or loss in a notice given under this chapter; and
>> (B) multiplying the amount calculated under Paragraph (A) by the total amount of reasonable and necessary attorney's fees supported at trial by sufficient evidence and determined by the trier of fact to have been incurred by the claimant in bringing the action.

Tex. Ins. Code § 542A.007(a). Here, McCall is not entitled to any judgment award, as State Farm already paid her the full amount of benefits owed. *See Ortiz*, 589 S.W.3d at 132. Thus, under Section 542A.007(3)(A), the amount awarded to McCall is zero, and the attorney's fees calculation will be zero. And because zero will always be less than any calculation under Section 542A.007(1) or (2), McCall is entitled to no attorney's fees under Section 542A.007. *See, e.g., Crenshaw v. State Farm Lloyds,* 2020 WL 12990985, at *1 (N.D. Tex. Feb. 1, 2020) (O'Connor,

J.) (reaching the same conclusion where the insurer was entitled to summary judgment on an insured's breach of contract claim).

In sum, McCall received the full payment she was entitled to under her insurance policy and therefore cannot show State Farm is liable under the policy or that she is entitled to any additional damages. Thus, she cannot maintain a breach-of-contract claim. And because she cannot recover breach-of-contract damages, she is not entitled to attorney's fees. Therefore, as a result of State Farm's payment of the appraisal award, "there is nothing left to litigate on this claim." *See Randel,* 9 F.4th at 268. Thus, summary judgment is proper, and State Farm's Motion as to McCall's breach-of-contract claim is **GRANTED**.

B.    *Extra-Contractual Claims*

The Court next turns to McCall's extra-contractual claims, including violations of Chapters 541 and 542 of the Texas Insurance Code, violations of the Texas Deceptive Trade Practices Act, bad faith insurance practices, and fraud. *See* Doc. 1-5, Pet., ¶¶ 39–59. State Farm argues that because McCall has not alleged any damages independent of her claim for policy benefits, these claims must fail.[3] Doc. 23, Mot. Br., ¶ 27. McCall argues she is entitled to "actual damages other than the policy benefits," namely "attorney's fees and possibly more interest." Doc. 27, Resp., 16.

The Texas Supreme Court has articulated a general rule and "five distinct but interrelated rules that govern the relationship between contractual and extra-contractual claims in the insurance context." *USAA Tex. Lloyds Co. v. Menchaca*, 545 S.W.3d 479, 489 (Tex. 2018).

---

[3] State Farm also argues in its Motion that McCall "has no evidence that State Farm made any actionable misrepresentations." Doc. 23, Mot. Br., ¶ 50. McCall does not respond to this argument. Without any facts supporting the existence of an actionable misrepresentation, the Court cannot conclude a dispute of material fact exists as to McCall's fraud claim.

Generally, "an insured cannot recover policy benefits as actual damages for an insurer's statutory violation if the insured has no right to those benefits under the policy." *Id.* at 495. The fourth rule, which is applicable here, "derives from the fact that an insurer's extra-contractual liability is distinct from its liability for benefits under the insurance policy." *Id.* at 499 (internal quotation omitted). Thus, to recover under extra-contractual claims, an insured must show "an injury independent of the insured's right to recover policy benefits." *Id.* If this injury "[is] predicated on, flow[s] from, or stem[s] from policy benefits, the general rule applies and precludes recovery unless the policy entitles the insured to those benefits." *Id.* at 500 (internal quotations omitted). Thus, to survive summary judgment, McCall must show she suffered an injury independent of the benefits owed under her insurance policy.

McCall has not done so here. First, McCall's extra-contractual claims are all based on State Farm's alleged mishandling of her claim. *See* Doc. 1-5, Pet., ¶¶ 39–45 (detailing State Farm's unfair settlement practices relating to its handling of McCall's claim); *id.* ¶¶ 46–49 (detailing State Farm's failure to make prompt payment for McCall's claim), *id.* ¶¶ 50–52 (detailing State Farm's breach of the duty of good faith and fair dealing by failing to adequately investigate McCall's claim); *id.* ¶¶ 53–55 (detailing State Farm's violations of the TDTPA resulting from its investigation and conclusion of McCall's claim); *id.* ¶¶ 56–59 (detailing State Farm's fraudulent statements in investigating McCall's claim). And McCall has already received all the benefits to which she is entitled under claim through the appraisal.

Second, the only damages McCall asserts are attorney's fees and additional interest under Chapter 542 of the Insurance Code. Doc. 27, Resp., 16. These damages cannot constitute independent injury. McCall is not entitled to additional interest under Chapter 542 of the Insurance Code or the Texas Prompt Payment of Claims Act ("TPPCA"). This chapter "imposes

procedural requirements and deadlines on insurance companies to promote the prompt payment of insurance claims" as well as "specific requirements and deadlines for responding to, investigating, and evaluating insurance claims." *Barbara Techs. Corp.,* 589 S.W.3d at 812 (first citing Tex. Ins. Code § 542.054 and then citing Tex. Ins. Code § 542.055–.056). To establish a violation under the TPPCA, an insured must show "(1) the insurer's liability under the insurance policy, and (2) that the insurer has failed to comply with one or more sections of the TPPCA in processing or paying the claim." *Id.* at 813. Once an insured establishes a TPPCA violation, she may recover "interest on the amount of the claim at the rate of 18 percent a year as damages, together with reasonable and necessary attorney's fees." Tex. Ins. Code § 542.060(a).

Here, regardless of whether State Farm is liable under the policy, State Farm's interest payment moots McCall's TPPCA claim. State Farm issued McCall $670.17 in potential TPPCA interest on the same day it paid the appraisal award. Doc. 24, Def.'s Mot. App., 91. This payment covered any potential interest owed dating back to August 6, 2021, the date of State Farm's first inspection. *See id.* at 30. This likely exceeds any interest State Farm owed under the TPPCA, as State Farm did not accept the claim and notify McCall of its intent to pay the claim until after this date. *See* Tex. Ins. Code § 542.057 (requiring an insurer to issue payment within five business days of notifying a claimant of its intent to pay a claim); *id.* § 542.060 (providing interest will begin to accrue "beginning on the date the claim was required to be paid"); Doc. 23, Mot. Br., 3 (explaining State Farm accepted the claim and provided written notice to McCall on August 17, 2021) (citing Doc. 24, Def.'s Mot. App., 26). Further, McCall does not appear to contest this calculation. Instead, she argues she is entitled to additional interest and the attorney's fees State Farm has refused to pay. *See* Doc. 27. Resp., 14 ("State Farm . . . owed interest and attorney's fees, which was not paid within any fathomable statutory deadline."). But,

McCall has offered no explanation as to why State Farm's interest payment is insufficient and, as discussed below, McCall is not entitled to attorney's fees and thus cannot base any claim for interest on State Farm's refusal to pay those fees.

As to attorney's fees, again, the Texas Supreme Court's decision in *Ortiz* forecloses McCall's request. *See* 589 S.W.3d at 135. There, as stated above, the court held that attorney's fees "incurred in the prosecution or defense of a claim" do not constitute damages owed. *Id.* (citing *In re Nalle Plastics*, 406 S.W.3d at 173). Instead, McCall must prevail on her extra-contractual claims and recover actual damages before she may request attorney's fees. *See* Tex. Ins. Code § 541.152(a)(1). She has provided no evidence that she sustained damages other than the amount identified by the appraisal award and thus cannot prevail on her extra-contractual claims. Therefore, she is not entitled to her attorney's fees for her extra-contractual claims.

Because McCall has presented no evidence demonstrating an independent injury to sustain her extra-contractual claims, the Court cannot conclude any dispute of material fact remains. Thus, the Court **GRANTS** State Farm's Motion as to McCall's extra-contractual claims.

## IV.

## CONCLUSION

Because McCall has recovered all of the benefits she is entitled to under her insurance policy, she cannot maintain a breach of contract claim against State Farm. Further, because she has presented no evidence of an injury independent of the recovered policy benefits, she cannot maintain her extra-contractual claims against State Farm. For these reasons, the Court **GRANTS** State Farm's Motion for Summary Judgment (Doc. 22).

SO ORDERED.

SIGNED: August 17, 2023.

JANE J. BOYLE
UNITED STATES DISTRICT JUDGE